# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MOBILE BAYKEEPER, INC.** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. **1:14-cv-00032** |
| | ) |
| **U.S. ARMY CORPS OF** | ) |
| **ENGINEERS; LT. GENERAL** | ) |
| **THOMAS P. BOSTICK, U.S. Army** | ) |
| **Corps of Engineers; COL. JON J.** | ) |
| **CHYTKA, U.S. Army Corps of** | ) |
| **Engineers, Mobile District** | ) |

## ANSWER

Defendants U.S. Army Corps of Engineers; Lt. General Thomas P. Bostick, in his official capacity, and Col. Jon J. Chytka, in his official capacity, (collectively "the Corps") answer Plaintiff's Complaint as follows.

## INTRODUCTION

1.     The first sentence of Paragraph 1 summarizes Plaintiff's Complaint and no response is required.  The first sentence of Paragraph 1 also characterizes a document, which document speaks for itself.  The second sentence of Paragraph 1 characterizes a permit, which permit speaks for itself.  The Corps denies the remaining allegations of Paragraph 1.  NWP 12 does not authorize "the construction, maintenance, repair and removal of utility lines."  Rather, it

authorizes the discharge of dredged or fill material associated with the construction, maintenance, repair and removal of utility lines into waters of the United States.

2. The Corps admits the allegations of the first two sentences of Paragraph 2. The Corps further admits that Hamilton Creek is a tributary that flows into Big Creek Lake. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 2.

3. The first and second sentences of Paragraph 3 contain conclusions of law to which no response is required. If further response is required, the Corps denies the allegations of Paragraph 3. The Corps denies Plaintiff is entitled to the relief requested in the third sentence of Paragraph 3.

## JURISDICTION

4. Paragraph 4 contains conclusions of law to which no response is required.

## VENUE

5. Paragraph 5 contains conclusions of law to which no response is required.

## PARTIES

6.  The Corps lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first four sentences of Paragraph 6. The Corps denies the allegations in the last sentence of Paragraph 6.

7.  The Corps denies the allegations in the first sentence of Paragraph 7. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 7.

8.  The Corps denies the allegations in Paragraph 8.

9.  Paragraph 9 contains conclusions of law to which no response is required. If further response is required, the Corps denies the allegations of Paragraph 9.

10. The Corps admits the allegations in the first sentence of Paragraph 10. The remaining sentences of Paragraph 10 contain conclusions of law to which no response is required. If further response is required, the Corps denies the remaining allegations of Paragraph 10.

11. The Corps admits the allegations in the first and second sentences of Paragraph 11. The remaining sentences of Paragraph 11 contain conclusions of law to which no response is required. If further response is required, the Corps denies the remaining allegations of Paragraph 11.

## STATUTORY AND REGULATORY BACKGROUND

12. Paragraph 12 characterizes a statute, which statute speaks for itself.

13. Paragraph 13 characterizes a statute, which statute speaks for itself.

14. Paragraph 14 characterizes a statute, which statute speaks for itself.

15. Paragraph 15 characterizes a statute and regulations, which statute and regulations speak for themselves.

16. The first two sentences of Paragraph 16 characterize a statute and regulations, which statute and regulations speak for themselves.  The third sentence of Paragraph 16 quotes a Federal Register notice, which notice speaks for itself.

17. The first two sentences of Paragraph 17 characterize a statute, which statute speaks for itself.  The third sentence of Paragraph 17 characterizes a Federal Register notice, which notice speaks for itself.

18. The Corps admits the allegations in the first sentence Paragraph 18. The second sentence of Paragraph 18 characterizes a document, which document speaks for itself.

19. Paragraph 19 characterizes a permit, which permit speaks for itself.

20. Paragraph 20 characterizes a Federal Register notice, which notice speaks for itself.

21. Paragraph 21 characterizes a Federal Register notice, which notice speaks for itself.

22. Paragraph 22 characterizes a Federal Register notice, which notice speaks for itself.

23. The body text of Paragraph 23 quotes a Federal Register notice, which notice speaks for itself. The footnote to Paragraph 23 characterizes a Federal Register notice, which notice speaks for itself.

24. Paragraph 24 characterizes a regulation, which regulation speaks for itself.

25. Paragraph 25 quotes and characterizes a regulation, which regulation speaks for itself. The Corps denies that the emphasis added by plaintiff is part of the regulation.

26. The first sentence of Paragraph 26 contains conclusions of law to which no response is required. If further response is required, the Corps denies the allegations in the first sentence of Paragraph 26. The second sentence of Paragraph 26 characterizes a regulation, which regulation speaks for itself.

27. Paragraph 27 characterizes a Federal Register notice, which notice speaks for itself.

28. Paragraph 28 characterizes Federal Register notices, which notices speak for themselves.

29. Paragraph 29 characterizes a document and regulation, which document and regulation speak for themselves.

30. Paragraph 30 characterizes a regulation, which regulation speaks for itself.

31. Paragraph 31 characterizes a statute, which statute speaks for itself.

32. Paragraph 32 characterizes a statute, which statute speaks for itself.

33. Paragraph 33 contains conclusions of law to which no response is required. If further response is required, the Corps denies the allegations of Paragraph 33.

## FACTS AND BACKGROUND

34. The Corps admits the allegations in the first sentence of Paragraph 34. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 34.

35. The allegations of Paragraph 35 characterize the motivations of a third party. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 35.

36. The Corps admits that MAWSS's Palmer Gaillard Raw Water Pumping Station is located on Big Creek Lake. The allegation that it is "near the area where Hamilton Creek enters into Big Creek Lake" is too vague and ambiguous for the Corps to formulate a response.

37. The first sentence of Paragraph 37 characterizes a document, which document speaks for itself. The Corps lacks sufficient knowledge and information

to form a belief as to the truth of the remaining allegations of Paragraph 37.

38. Paragraph 38 characterizes a document, which document speaks for itself.

39. The first sentence of Paragraph 39 characterizes a document, which document speaks for itself. The Corps admits that it assigned the permit number SAM-2012-00885-MBM to the Alabama segment of the pipeline. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning the length of the Alabama segment of the pipeline. The Corps denies that it authorized the Mississippi segment of the pipeline. The Corps admits that it issued a letter verifying the applicability of Nationwide Permit 12 to certain activities in waters of the United States associated with the Mississippi segment of the pipeline. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the last sentence of Paragraph 39.

40. Paragraph 40 characterizes a document, which document speaks for itself.

41. The Corps denies the allegations contained in the first sentence of Paragraph 41. The Corps clarifies that according to a revised pre-construction notification for the pipeline that was submitted to the Corps a number of stream crossings, including all crossings of Hamilton Creek, have been replaced with directional drilling that carries the pipeline under the stream. The allegations in the

second sentence of Paragraph 41 are too vague and ambiguous for the Corps to formulate a response.

42.   The Corps denies the allegations in Paragraph 42.  The Corps clarifies that using directional drilling technology in the Hamilton Creek Watershed, the revised project plans submitted February 10, 2014, show the complete avoidance of all stream crossings in Hamilton Creek, as well as impacts to forested wetlands reduced by 6.49 acres, pine savannah wetlands reduced by 0.14 acres, and impacts to shrub scrub wetlands reduced by 0.45 acres (total of 7.1 acres of wetlands avoided).

43.   The Corps denies the allegations contained in Sentences one through three of paragraph 43.  The Corps clarifies that pursuant to the revised project plans submitted February 10, 2014, utilizing directional drilling technology, the pipeline no longer crosses Hamilton Creek.  The Corps denies the allegations in Sentence 4 of paragraph 43.  The Corps clarifies that where Hamilton Creek changes directions and flows west into Big Creek Lake, the pipeline continues in a southwest direction.  The Corps denies the allegations in Sentence 5 of paragraph 43.

44.   The Corps denies the allegations of Paragraph 44.

45.   The Corps denies the allegations of Paragraph 45.

46. The Corps admits that it did not provide public notice or take public comment on its letter verifying the applicability of Nationwide Permit 12 to certain activities in waters of the United States associated with the pipeline. The Corps denies the remaining allegations of Paragraph 46.

47. The Corps lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 47.

48. The Corps denies the allegations of Paragraph 48.

49. The Corps denies the allegations of Paragraph 49.

**CLAIMS FOR RELIEF**

**CLAIM ONE**

50. The preceding paragraphs are incorporated by reference as if repeated and set forth herein.

51. Paragraph 51 characterizes a Federal Register notice, which notice speaks for itself.

52. The Corps denies the allegations of Paragraph 52.

53. The Corps admits the allegations of Paragraph 53.

54. The allegations of Paragraph 54 are too vague and ambiguous for the Corps to formulate a response.

55. Paragraph 55 characterizes a document, which document speaks for itself.

56. The Corps denies the allegations of Paragraph 56.

57. The Corps denies the allegations of Paragraph 57.

### CLAIM TWO

58. The preceding paragraphs are incorporated by reference as if repeated and set forth herein.

59. Paragraph 59 states conclusions of law to which no response is required. If further response is required, the Corps denies the allegations of Paragraph 59.

60. Paragraph 60 characterizes a regulation, which regulation speaks for itself.

61. Paragraph 61 states conclusions of law to which no response is required. If further response is required, the Corps denies the allegations of Paragraph 61.

62. The Corps denies the allegations of Paragraph 62.

63. The Corps denies the allegations of Paragraph 63.

### CLAIM THREE

64. The preceding paragraphs are incorporated by reference as if repeated and set forth herein.

65. Paragraph 65 states conclusions of law to which no response is required. If further response is required, the Corps denies the allegations of Paragraph 65.

66. The Corps denies the allegations of Paragraph 66.

67. The Corps denies the allegations of Paragraph 67.

68. The Corps denies the allegations of Paragraph 68.

**RELIEF**

The Corps denies Plaintiff is entitled to the relief requested.

**GENERAL DENIAL**

Except as expressly admitted or otherwise stated herein, the Corps denies each and every allegation in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. The Court lacks jurisdiction over some or all of the claims raised.

2. Plaintiff has failed to state a claim in whole or part upon which relief can be granted.

WHEREFORE, for these reasons, the Corps requests that the Court deny Plaintiff's Complaint with prejudice, that the United States be awarded its costs in this action, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted this 7th day of April, 2014.

        KENYEN R. BROWN
        United States Attorney
        Southern District of Alabama

By:   */s/ Patricia N. Beyer*

        Assistant United States Attorney
        63 South Royal Street, Suite 600
        Birmingham, Alabama 36602
        Tel: (251) 415-7128
        Fax: (251) 441-5051
        patricia.beyer@usdoj.gov

        ROBERT G. DREHER
        Acting Assistant Attorney General

By:   */s/ Norman L. Rave, Jr.*

        NORMAN L. RAVE, JR.
        Environment and Natural Resources
            Division
        U.S. Department of Justice
        P.O Box 7611
        Washington, DC 20044
        Tel: (202) 616-7568
        Fax: (202) 514-8865
        norman.rave@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Christina Margaret Andreen at candreen@selcal.org
Keith Arnold Johnston at kjohnston@selcal.org

Jarrod J. White at jjw@cabaniss.com
Patrick H. Sims at phs@cabaniss.com

Raymond L. Bell, Jr. at rbell@belllawfirm.net

Mike Wigmore at mwigmore@velaw.com

Norman L. Rave, Jr.
Norman.rave@usdoj.gov

/s/ *Patricia N. Beyer*
Patricia N. Beyer
Assistant United States Attorney