IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOBILE BAYKEEPER, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0032-WS-M |
| ) | |
| **U.S. ARMY CORPS OF ENGINEERS,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On April 24, 2014, Magistrate Judge Milling entered an endorsed Order (doc. 30) granting the parties' Joint Motion for Relief from Preliminary Scheduling Order (doc. 28).  In light of that ruling, the matter has been referred to the undersigned for entry of a briefing / scheduling order establishing how this action will proceed henceforth.

To that end, it is **ordered** as follows:

1. The Administrative Record (doc. 29) was filed by defendant on April 24, 2014, and a courtesy copy has been provided to the Court on CD; therefore, this Order need not and will not fix a filing deadline for same.

2. Any objections or motions for supplementation concerning the completeness of the Administrative Record must be filed on or before **May 15, 2014**.  Should any party wish to pursue any such concerns about the contents of the record, it is **ordered** to engage in good-faith negotiations with the other parties before filing its objection or motion for supplementation.  Any such filing must contain a written certification as to the fact and results of those negotiations.  If any objection or motion to supplement is timely filed, the Court will enter an appropriate briefing schedule for prompt, efficient resolution of same.  If not, the Court will regard any and all objections to the sufficiency or contents of the Administrative Record as waived, and consideration of this matter will be governed by the Administrative Record found at document 29.

3. Plaintiff's motion for summary judgment, with appropriate citations to authority and to the record, must be filed on or before **June 23, 2014**.  The Federal Defendants' response and cross-motion for summary judgment, also with appropriate citations to authority and to the record, must be filed no later than **July 21, 2014**.  The Intervenor-Defendant's response and cross-motion for summary judgment, with appropriate citations to authority and to the record, must be filed no later than **July 28, 2014**.  Plaintiff's combined response and reply as to all summary judgment motions is due on or before **August 18, 2014**.  The Federal Defendants' reply must be filed no later than **September 2, 2014**, and the Intervenor-Defendant's reply is due on or before **September 9, 2014**.  If oral argument is needed, the parties will be notified and a hearing will be scheduled; otherwise, the cross-motions for summary judgment will be taken under submission after **September 9, 2014**.

4. The parties' summary judgment filings must comply with the requirements of Local Rules 7.1 and 7.2.  Movants are not relieved of the obligation to file as a separate document their suggested Determinations of Undisputed Fact and Conclusions of Law.  The parties are further reminded that all facts (with pinpoint citations to the record) and law (with citations to appropriate authorities) on which they rely must be set forth in their memoranda of law.  The proposed Determinations of Undisputed Fact and Conclusions of Law contemplated by Local Rule 7.2(a) are properly viewed as a restatement of facts and law presented in their memoranda, rather than a platform for presenting additional facts and legal arguments omitted from their briefs.[1]

---

[1] Local Rule 7.2(a) requires that a summary judgment movant submit a brief, along with suggested Determinations of Undisputed Fact and Conclusions of Law.  However, that rule "was not intended to allow parties to evade page limitations imposed by LR 7.1(b) … ; rather, the purpose of the Suggested Determinations of Fact and Conclusions of Law requirement is to have a party restate the facts and law from its brief in a form that the Court could adopt as its ruling in that party's favor." *Phillips v. Irvin*, 2006 WL 1663677, *1 n.3 (S.D. Ala. June 14, 2006); *see also State Farm Casualty Co. v. Richardson*, 2008 WL 4531765, *1 n.1 (S.D. Ala. Oct. 9, 2008) ("The 30-page briefing limitation set forth in Local Rule 7.1(b) would be meaningless if a party could disaggregate the fact and law portions of its brief into two different filings. … [T]he brief should be a self-contained filing including all factual recitation and legal (Continued)

      5.      The parties are strongly cautioned to avoid redundancy whenever possible. Reproducing in full arguments from one's own earlier submissions or from another party's filings is unhelpful and inefficient. This is particularly true with respect to the filings of the Federal Defendants and the Intervenor-Defendant. Rather than restating summary judgment arguments made by the Federal Defendants that it wishes to adopt, the Intervenor-Defendant is expected to incorporate those arguments by reference (citing appropriate document and page numbers) and move on. To be sure, nothing herein forecloses any party from elaborating on or developing further a previously-raised argument. But lengthy "me-too" filings are not appropriate and may be stricken *sua sponte*.

DONE and ORDERED this 29th day of April, 2014.

                                                    s/ WILLIAM H. STEELE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

discussion necessary to support the movant's position."); *Hosea v. Langley*, 2006 WL 314454, *15 n.50 (S.D. Ala. Feb. 8, 2006) (similar). Moreover, allowing filings under Rule 7.2(a) to include material omitted from the principal brief would be inefficient and unwieldy because it would obligate the Court to read two interwoven documents in tandem in order to glean the gist of the movant's arguments.